(Pleito No. 71.—Fallado el 2 de Agosto de 1900.)

## Guayama contra Villodas.

Recurso contra sentencia dictada por el Tribunal de Distrito de Ponce.

ACCIONES CONTRA LOS MUNICIPIOS. Los tribunales ordinarios, tales como las Cortes de Distrito y el Tribunal Supremo de Puerto Rico, no tienen jurisdicción para conocer de una demanda interpuesta por un particular contra una corporación pública. El conocimiento de las cuestiones de esa índole debe regirse con arreglo al artículo 50 de la Ley de veinte y tres de Noviembre de mil ochocientos ochenta y ocho, la cual no ha sido derogada por ninguna otra ley posterior.

### SENTENCIA.

En la Ciudad de Sán Juan de Puerto Rico, á dos de Agosto de mil novecientos, en los autos declarativos de

menor cuantía seguidos en el Tribunal del Distrito de Ponce por Don Julián Villodas y Guillod, vecino de la Villa de Guayama, contra el Ayuntamiento de la propia Villa, en cobro de ochocientos setenta y dos pesos setenta y nueve centavos, por indemnización de daños y perjuicios en el contrato de subasta sobre el remate de los arbitrios de arrendamiento ó renta libre de los derechos de matanza de reses para el abasto público y exacción del impuesto de alquiler de puestos en la Carnicería durante el año económico de mil ochocientos noventa y ocho á noventa y nueve; autos pendientes ante Nos en recurso de casación por infracción de ley, que ha interpuesto el Ayuntamiento referido, á quien representa y dirige el Letrado Don Herminio Díaz Navarro, estando representado y dirigido el actor Villodas por el Lcdo. Don Rafael Palacios Rodríguez.—Resultando : Que sacado á pública subasta el arrendamiento del impuesto establecido por el Ayuntamiento de Guayama sobre la matanza de reses para el abasto público y por el alquiler de puestos para el expendio de carnes en la Carnicería de aquella Villa durante el año económico de mil ochocientos noventa y ocho á noventa y nueve, aprobado el remate á favor de Don Julián Villodas Guillod, como mejor postor, por la suma de tres mil setecientos setenta y un pesos provinciales, y requerido para que prestara la fianza y cumpliera las demás prescripciones exigidas por el pliego de condiciones, por escritura pública otorgada ante el Notario de aquella Villa Don José Mariano Capó, en quince de Julio de mil ochocientos noventa y ocho, se constituyó Villodas á cumplir bien y fielmente todas y cada una de las obligaciones que le imponía el expresado pliego de condiciones, y prestó la fianza que se le exigía por la suma de trescientos setenta y siete pesos diez centavos que consignó en la Depositaría de los fondos municipales, habiendo sido aceptada dicha escritura por Don Manuel Fernández y Suárez en su carácter de Síndico de aquella Municipalidad.—Resultando : Que posteriormente, ó sea en cuatro de Octubre del

mismo año, acudió Don Julián Villodas por escrito al Ayuntamiento de Guayama en su carácter de rematista del impuesto sobre Carnicería, manifestando que con fecha dos del mes anterior había recibido una comunicación del Gobierno Americano, en la que se le ordenaba que no cobrara los derechos que le correspondían sobre las carnes que consumían las tropas del Ejército acampadas en aquella Villa; que á pesar de que en el contrato que tenía celebrado con el Ayuntamiento, no se había hecho excepción alguna, había acatado y cumplido dicha orden, pero que al tratar de cobrar á los Sres. Tomás Cano y C?, abastecedores del Ejército, los derechos que correspondían por los cueros y menudos de las reses que se sacrificaban para el consumo de dichas tropas, así como por las carnes sobrantes que expendían al público por las mañanas en el Matadero y en su establecimiento mercantil, se había negado á pagárselos; y como él entendía que tenía derecho á cobrarlos, cuando menos, sobre aquellos sobrantes que no consumía el Ejército, acudía al Ayuntamiento para que tomara las medidas convenientes, á fin de que los expresados Sres. Tomás Cano y C? le pagaran los derechos que le correspondían legítimamente.—Resultando: Que dada cuenta al Ayuntamiento con la anterior solicitud en sesión celebrada en el siguiente día, reconociendo la justicia con que reclamaba el Sr. Villodas, acordó se hiciera presente á dichos Sres. el deber en que estaban de satisfacerle los derechos correspondientes á las carnes que no consumían las tropas, así como el de los cueros y menudos que tampoco utilizaban; advirtiéndoles al propio tiempo que las carnes y menudos sólo debían expenderlos en la Carnicería y no en su establecimiento mercantil, por estar prohibido por las disposiciones vigentes; y que notificado este acuerdo á los Sres. Tomás Cano y C?, manifestaron en el acto no estar conformes en el pago, por haber dispuesto el Coronel Sharpe que no pagara ningún derecho el ganado que consumía el Ejército americano, según comunicación que obraba en su poder.—Resultando: Que en

treinta y uno de Enero siguiente declaró la Secretaría de
Justicia á instancia de Villodas, que éste como rematista
que había sido hasta treinta y uno de Diciembre anterior,
del arbitrio de Carnicería, en el pueblo de Guayama, tenía
derecho á cobrar las cantidades correspondientes á todo el
ganado que allí se sacrificara al tipo convenido en el pliego
de condiciones; que el Ayuntamiento era el que debía
ampararlo en su derecho por los medios coercitivos que se
habrían tenido en cuenta al redactar el pliego de condi-
ciones que había servido de base para la subasta; pero que
si así no hubiera sido el Sr. Villodas, podría recurrir á los
Tribunales de Justicia y ejercitar ante ellos las acciones y
pruebas pertinentes á su derecho; y habiendo acudido nue-
vamente Villodas al Ayuntamiento de Guayama con la
citada resolución para que por los medios de que podía
disponer, ordenara y cuidara que los Sres. Tomás Cano y
Cª le satisficieran los ochocientos setenta y dos pesos setenta
y nueve centavos que le adeudaban por derecho de matanza
de las reses que durante los meses de Septiembre, Octubre,
Noviembre y Diciembre anteriores, en que era rematista del
impuesto, habían sacrificado dichos señores en el Matadero
público con destino á las fuerzas del Ejército americano des-
tacadas en aquella Villa y cuyos derechos se negaban á
pagarle pretextando que habían concertado con los Jefes
atender al abasto, con la condición de no satisfacer dicho
impuesto, la Corporación en vista de que el recurrente tenía
reconocido su derecho al cobro de aquella cantidad según la
resolución superior que acompañaba, acordó por unanimidad
que se transcribiera dicha resolución á los Sres. Tomás Cano
y Cª, invitándolos al pago inmediato de la suma que justa-
mente reclamaba el Sr. Villodas, y significándoles que de no
verificarlo, el Ayuntamiento llevaría á cabo su cobro por
la vía de apremio.—Resultando: Que en primero de Di-
ciembre último, el Abogado Don Manuel Giraldez y Bosch, á
nombre de Don Julián Villodas y Guillod, haciendo relación
del contrato y demás antecedentes relacionados en los ante-

riores resultandos, entabló demanda en juicio ordinario ante
el Tribunal del Distrito de Ponce, contra el Ayuntamiento
de Guayama, para que le indemnizara los ochocientos setenta
y dos pesos setenta y nueve centavos que se le debían por los
derechos de ·matanza de las reses beneficiadas durante los
cuatro meses últimos del año anterior para el consumo de las
tropas americanas destacadas en aquella Villa y cuyo pago no
había podido obtener de los abastecedores Sres. Tomás
Cano y Cª por apatía y negligencia del Ayuntamiento en el
cumplimiento de sus deberes, pues á pesar de las repetidas
instancias del Sr. Villodas y no obstante reconocer la jus-
ticia de sus reclamaciones, en vez de apresurarlos al pago y
de emplear contra ellos los medios coercitivos de que podía
disponer con arreglo á las leyes y que era de su deber
emplear, nada había hecho para compelerlos al cumpli-
miento de aquella obligación, constituyéndose así responsable
para con el Sr. Villodas del pago de aquella cantidad por
indemnización del perjuicio que le había causado por su
pasividad y falta de diligencia en el cumplimiento de las
obligaciones que le imponía el contrato; por lo que invo-
cando en apoyo de sus pretensiones, los artículos del Código
Civil que tratan de la fuerza y eficacia de las obligaciones y
de la responsabilidad en que incurren los que por dolo, negli-
gencia ó morosidad contravinieren á ellas, concluía pidiendo
se condenara al Ayuntamiento de Guayama á indemnizar á
Don Julián Villodas y Guillod en la cantidad expresada de
ochocientos sesenta y dos pesos setenta y nueve centavos con
sus intereses legales desde Noviembre de mil ochocientos
noventa y ocho hasta la fecha del pago y en las costas del
juicio.—Resultando:   Que conferido traslado de la demanda
al Ayuntamiento de Guayama, lo evacuó éste por conducto
del Abogado Don Miguel Zavaleta, alegando que efectiva-
mente el demandante había rematado el arbitrio sobre la
matanza de reses, bajo las condiciones que expresaba el
pliego de condiciones que había regido en la subasta; pero
que dicho arbitrio se refería únicamente á las carnes que se

beneficiaban para el abasto público, ó sea para el consumo de la población, pero que no podían entenderse comprendidas en él las reses que se beneficiaran para el consumo de un Ejército de ocupación, por no haberse podido prever este caso en el contrato: que tampoco resultaba de éste que el Ayuntamiento se obliga á recaudar el arbitrio de los deudores, ni mucho menos que garantizase, ó se hiciera solidario de su pago, pues por el contrario el rematista era el que se hacía cargo de cobrar, con la particularidad de que no sólo había de recaudar los derechos que le correspondían, sino también los del veterinario encargado del reconocimiento de las reses, para entregárselos al Ayuntamiento, el que á su vez se los trasmitiría al interesado; que el rematista había celebrado el remate á su suerte y ventura, y sin derecho por consiguiente á rebaja ni perdón por ningún motivo, de donde se infería que el Ayuntamiento no debía responderle de pérdidas, ni indemnizarle de perjuicios de ningún género; que así lo había entendido el demandante consintiendo en la rescisión del contrato por la supresión del arbitrio por orden superior, habiéndose limitado á pedir en el escrito que había presentado al Ayuntamiento, que se le devolviese su fianza y que se obligase á los Sres. Tomás Cano y Cª á que le pagasen los derechos, no por las carnes consumidas por el Ejército, sino por los cueros sobrantes y desperdicios que no había consumido el Ejército, pero que se habían vendido al público; que á esta solicitud recayó un acuerdo del Ayuntamiento de entera conformidad que se notificó al Sr. Villodas y fué por él consentido; que si bien es verdad que el Sr. Villodas había acudido á la Secretaría de Justicia y que por ésta se había reconocido su derecho á cobrar el arbitrio, no por eso se había declarado ni podía declararse, que el Ayuntamiento estuviera obligado á pagarle la más insignificante cantidad, habiéndose limitado á declarar que el Ayuntamiento, debía ampararle en su derecho por los medios coercitivos que se hubiera reservado en el contrato, acudiendo en su defecto á los Tribunales de Justicia para

ejercitar su derecho; que á pesar de no haberse reservado en la contrata el empleo de los medios coercitivos contra los deudores del arbitrio, acordó el Ayuntamiento en vista de dicha resolución superior, se requiriera al pago á los Sres. Tomás Cano y Cª, apercibiéndolos con la vía de apremio de no verificarlo; que con tal motivo la referida casa mercantil acudió al Gobierno militar y por la Secretaría de Estado se dictó y trasmitió la orden superior por la que se prohibía á Villodas el cobro del impuesto sobre las reses beneficiadas para el consumo del Ejército desde primero de Septiembre de mil ochocientos noventa y ocho; que el Ayuntamiento acatando, como no podía menos de hacerlo, dicha superior resolución, se abstuvo de todo ulterior procedimiento; que posteriormente habiendo acudido el rematista en solicitud de que por el Ayuntamiento se le pagasen los referidos derechos, había acordado la Corporación, de acuerdo con el Síndico de lo Contencioso, desestimar dicha solicitud, acuerdo que fué consentido por el Sr. Villodas; que la demanda de perjuicios establecida por éste, es á todas luces improcedente, pues aparte de no tener derecho alguno para cobrar el impuesto sobre las carnes consumidas por el Ejército, en ningún caso sería responsable á su pago el Ayuntamiento, teniendo su acción expedita contra sus deudores, los Sres. Tomás Cano y Cª que estaban hoy como antes en perfecta aptitud de pagarle; y por último, que la temeraria reclamación de Villodas causaba perjuicios al Ayuntamiento por las crecidas erogaciones del pleito á que lo obligaba; por cuyos fundamentos de hecho, y los de derecho que adujo basados en los artículos 1,283 y sus concordantes 1,105 y 1,107 del Código Civil é invocando además la ley del contrato y otros principios generales de derecho, concluyó pidiendo se absolviese al Ayuntamiento de Guayama de la demanda con las costas al actor.—Resultando: Que seguido el juicio por todos sus trámites, se dictó sentencia por el Tribunal del Distrito de Ponce en once de Abril último, por la que se condenó al Ayunta-

miento de Guayama á satisfacer dentro del término de diez días á Don Julián Villodas y Guillod la cantidad reclamada como indemnización de daños y perjuicios, en el concepto alegado por el demandante, y al pago de las costas.— Resultando: Que contra esta sentencia interpuso el Ayuntamiento de Guayama recurso de casación por infracción de ley, comprendido en los números 1º y 7º del artículo 1,690 de la Ley de Enjuiciamiento Civil, entendiéndose el último en toda la extensión del artículo 79 de la Orden General número 118 y que admitido dicho recurso por el Tribunal del Distrito se elevaron los autos á este Tribunal Supremo, donde compareció el Abogado Don Herminio Díaz Navarro por la parte recurrente y entregádole los autos para formalizar el recurso, así lo hizo citando como infringidas las leyes y doctrina que creyó atinentes á los motivos y fundamentos del recurso.—Resultando: Que conferido traslado á Don Julián Villodas, lo evacuó éste representado por el Abogado Don Rafael Palacios Rodríguez, dándose por instruído de los autos, y celebrada la vista del recurso, en cuyo acto los abogados de las partes insistieron en sus respectivas pretensiones, se pasaron los autos al Sr. Fiscal para que dictaminara sobre la competencia de Tribunal para conocer del recurso, lo que verificó emitiendo su dictamen en el sentido de que, constituyendo materia administrativa el contrato celebrado por Don Julián Villodas con el Ayuntamiento de Guayama sobre el arriendo de los derechos de matanza de reses para el abasto público y del arbitrio de alquiler de puestos en el mercado para expendio de carnes, debía sustanciarse y decidirse la cuestión de que se trata en estos autos por la vía contencioso–administrativa, y que no habiendo tenido esto lugar y antes por el contrario habiéndose utilizado la vía contenciosa civil, así para la tramitación y decisión del caso como para la interposición del recurso ante esta Superioridad, entendía que este Tribunal Supremo de Justicia constituído en Sala de lo Civil carecía de competencia para resolverlo y así debía

declararlo devolviendo al Tribunal del Distrito de Ponce sus actuaciones por los fundamentos de los artículos 53 y 54 de la Ley de Enjuiciamiento Civil y 1º y 5º de la Ley de lo Contencioso-Administrativo de Ultramar de veinte y tres de Noviembre de mil ochocientos ochenta y ocho. Visto, siendo Ponente el Sr. Juez Asociado Don Juan Morera Martínez. Considerando: Que la cuestión que se ventila en estos autos se reduce á una demanda sobre indemnización de daños y perjuicios interpuesta contra el Ayuntamiento de Guayama por un particular, como rematista de los arbitrios municipales establecidos sobre la matanza de reses para el abasto público y el alquiler de mesas para el expendio de carnes en la Carnicería de aquella Villa, por supuesta falta de cumplimiento á las condiciones del contrato celebrado con la citada Corporación municipal sobre el arrendamiento en pública subasta de los expresados arbitrios. Considerando: Que el conocimiento de las cuestiones de esta índole, como el de todas las relativas al cumplimiento, inteligencia, rescisión y efectos de los contratos celebrados por la administración central provincial municipal para obras y servicios públicos de toda especie, cuando se hacen contenciosas es de la exclusiva competencia de la jurisdicción contencioso-administrativa, con arreglo al artículo 50 de la Ley de veinte y tres de Noviembre de mil ochocientos ochenta y ocho dictada para las provincias de Ultramar y que en cuanto á aquel extremo no ha sido derogada por ninguna otra posterior en esta Isla. Considerando: Que si bien en el curso de este litigio no se ha alegado por ninguna de las partes interesadas la incompetencia de jurisdicción de los Tribunales ordinarios para conocer de la demanda por razón de la materia; y que con arreglo al artículo 74 de la Ley de Enjuiciamiento Civil las cuestiones de competencia no pueden promoverse de oficio en los asuntos civiles, esto no obsta, según el mismo artículo establece, para que los Jueces que se crean incompetentes por razón de la materia se abstengan de conocer en el asunto, oído el Ministerio fiscal, previniendo á

las partes que usen de su derecho ante quien corresponda; prescripción que es aplicable á todos los Jueces y Tribunales y cualquiera que sea el estado del juicio, siempre que no estuviere terminado por sentencia firme, porque en los asuntos de esta clase es radical la incompetencia de los Tribunales ordinarios para conocer de ellos, y no puede entenderse prorrogada la jurisdicción por la sumisión de las partes, á tenor de lo que sobre el particular prescribe el artículo 54 de la misma Ley de Enjuiciamiento Civil.—Fallamos: Que debemos declarar y declaramos que los Tribunales ordinarios son incompetentes para conocer de estos autos, por razón de la materia; y en su consecuencia, que no ha lugar á resolver el presente recurso, y las partes usen de su derecho ante quien corresponda, sin especial condenación de costas.—Así por esta nuestra sentencia, que se publicará en la *Gaceta*, lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Rafael Nieto Abeillé.—Juan Morera Martínez.

Publicación.—Leída y publicada fué la anterior sentencia por el Sr. Juez Asociado del Tribunal Supremo Don Juan Morera Martínez, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico, á dos de Agosto de mil novecientos.—E. de J. López Gaztambide.